Jon G. Shadinger Jr, Esq.
Shadinger Law
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Dennis Maurer, Individually, | : |
| Plaintiff, | : |
| vs. | : |
| Pep Boys - Manny, Moe & Jack of Delaware, Inc., a Delaware Corporation, | : |
| and | : Case No.  1:18-cv-09175 |
| SJS - Tilton Times Plaza, L.P., a New Jersey Limited Partnership, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, DENNIS MAURER, an individual on his behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendants, SJS - TILTON TIMES PLAZA, L.P., a New Jersey Corporation (hereinafter sometimes referred to as "Tilton Times Plaza") and PEP BOYS - MANNY, MOE & JACK OF DELAWARE, INC., a Delaware Corporation (hereinafter sometimes referred to as "Pep Boys" and together with Tilton Times Plaza collectively referred to as "the Defendants"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs

pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

### COUNT I
### VIOLATION OF TITLE III OF THE
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1. Plaintiff, DENNIS MAURER, is an individual residing at 8 Prospect Avenue, Egg Harbor Township, New Jersey 08234, in the County of Atlantic.

2. Defendant, SJS - TILTON TIMES PLAZA, L.P., holds title to the subject property alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3. Defendant's property, also known as Tilton Times Plaza, is located at 6814 Tilton Road, Egg Harbor Township, New Jersey 08234, in the County of Atlantic.

4. Defendant, PEP BOYS - MANNY, MOE & JACK OF DELAWARE, INC., operates a business and place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA.

5. Defendant's property, also known as Pep Boys Egg Harbor Township, is located at 6814 Tilton Road #8, Egg Harbor Township, New Jersey, 08234, in the County of Atlantic.

6. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

7. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

8. Plaintiff, DENNIS MAURER, is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff has multiple sclerosis, is mobility

impaired and requires the use of a wheelchair to ambulate.

9. The property that forms the basis of this lawsuit is located approximately 7.5 miles from Plaintiff's home and Plaintiff has visited the property on numerous occasions; most recently on or about March, 15, 2018. Furthermore, Plaintiff plans to return to the subject property in the near future to avail himself of the goods and services offered to the public at the property.

10. Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and caused him emotional distress.

11. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 15 of this complaint.

13. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit Tilton Times Plaza and Pep Boys, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff and others similarly situated by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

15. The Defendants have discriminated, and is continuing to discriminate, against the

Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the Defendants' property has shown that violations of the ADA exist.  The following are violations that DENNIS MAURER has personally encountered or observed during his visits to the subject property:

**Parking and Exterior Accessible Route**

a. Parking spaces throughout Tilton Times Plaza are not maintained; contain abrupt changes of level, slopes beyond limits within parking spaces and lack compliant access aisles, violating Sections 402 and 502 of the 2010 Accessibility Standards.  These conditions during numerous visits prevented Mr. Maurer from unloading freely and safely from his van.  On certain occasions he would park away from the plaza to ensure he could access his van.

b. Accessible parking provided for at Pep Boys within Tilton Times Plaza is not maintained, contains abrupt changes of level and fails to lead to a compliant curb ramp, violating Sections 402 and 502 of the 2010 Accessibility Standards.  These conditions put Mr. Maurer's safety at risk and can cause damage to his wheel chair.

c. Curb ramps provided to access stores at Tilton Times Plaza are unsafe for wheelchair users and are not provided in some areas of the shopping center. The curb ramps contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards.  Mr. Maurer dealt with a lack of maneuvering space at the top of the curb ramp.  These conditions are unsafe for Mr. Maurer when he accesses the curb ramps.

d. The exterior accessible route from parking spaces provided at Tilton Times Plaza fail to provide a safe accessible route to ramps or curb ramps, violating Section 402 of the 2010 Accessibility Standards.  Mr. Maurer was forced to travel in the traffic area of the center in order to reach the curb ramp.  This condition presents Mr. Maurer with the additional danger of encountering moving vehicles.

e. Tilton Times Plaza fails to provide a safe accessible route to the adjacent street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.  The lack of an accessible route prevents the option of public transportation for Mr. Maurer.

**Access to Goods and Services**

f. Payment counters throughout Tilton Times Plaza are mounted beyond the reach of Mr. Maurer, violating Sections 308 and 904 of the 2010 Accessibility Standards. Due to a lack of accessible counters, Mr. Maurer is unable to checkout without requesting assistance which causes him embarrassment and emotional distress.

g. Sushi Town and other restaurants fail to provide interior/exterior accessible dining tables, violating Section 902 of the 2010 Accessibility Standards. The lack of accessible tables effects Mr. Maurer's ability to dine comfortably.

h. Entering tenant spaces is impeded by abrupt changes of level at the base and improper door hardware, violating Section 404 of the 2010 Accessibility Standards. Abrupt changes of level can cause damage to Mr. Maurer's wheelchair.

**Restrooms**

i. Restrooms at Tilton Times Plaza including Pinky's Nails, Sushi Town and Pep Boys were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Maurer was unable to use the restrooms safely due to a lack of accessibility. Violations include incorrect signage, inaccessible water closets, which lack proper controls, and a lack of wheelchair maneuvering space, violating Section 601 of the 2010 Accessibility Standards.

j. Restrooms at Pinky's Nails, Sushi Town and Pep Boys provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

k. Lavatories at Pinky's Nails, Sushi Town and Pep Boys lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

l. Pinky's Nails, Sushi Town and Pep Boys provide restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Maurer was unable to access flush controls while in the restrooms due to improper location.

m.   Using restroom doors at Pinky's Nails, Sushi Town and Pep Boys in Tilton Times Plaza is impeded by round door knobs, improper signage and a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards.  Round door knobs, improper signage and a lack of maneuvering space impede Mr. Maurer from easily accessing restroom doors.

16.   Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

17.   The discriminatory violations described in paragraph 15 are not an exhaustive list of the ADA violations that exist at Defendants' property.  Plaintiff requires thorough inspection of the Defendants' place of public accommodation in order to photograph and measure the architectural barriers which exist at the subject property and violate the ADA.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

18.   Defendants have discriminated against the Plaintiff by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies,

practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and the Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

20. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and

gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Tilton Times Plaza and Pep Boys and make the subject property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the subject property until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff, DENNIS MAURER, respectfully requests:

 a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

 b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

 c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

 d. Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

24. Plaintiff re-alleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

25. Defendants' facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

26. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.).

27. As set forth above, Defendants have violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the subject property.

28. As a result of the aforementioned discrimination, Plaintiff DENNIS MAURER has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff, DENNIS MAURER, respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Dated: May 14, 2018                  s/Jon G. Shadinger Jr.
                                                        Jon G. Shadinger Jr., Esq.
                                                        Shadinger Law
                                                        NJ Attorney ID No.036232017
                                                        P.O. Box 279
                                                        Estell Manor, NJ 08319
                                                        (609) 319-5399
                                                        (314) 898-0458 - Fax
                                                        js@shadingerlaw.com
                                                        *Attorney for Plaintiff*